Ward v Times Sq. Hotel Owner LLC (2025 NY Slip Op 06399)

Ward v Times Sq. Hotel Owner LLC

2025 NY Slip Op 06399

Decided on November 20, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 20, 2025

Before: Manzanet-Daniels, J.P., Kapnick, Gesmer, Shulman, Hagler, JJ. 

Index No. 154353/22|Appeal No. 5209|Case No. 2025-02211|

[*1]Martin Joseph Ward, Plaintiff-Respondent,
v
Times Square Hotel Owner LLC, et al., Defendants-Appellants.

Malapero Prisco & Klauber LLP, New York (Tracy L. Frankel of counsel), for appellants.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Jillian Rosen of counsel), for respondent.

Order, Supreme Court, New York County (Mary V. Rosado, J.), entered February 27, 2025, which, to the extent appealed from, granted plaintiff's motion for partial summary judgment on his Labor Law § 241(6) claim predicated on Industrial Code [12 NYCRR] § 23-1.7(d), unanimously affirmed, without costs.
Plaintiff's evidence demonstrated a prima facie case that defendants violated Industrial Code § 23-1.7(d). Plaintiff testified that he was injured when he slipped and fell on an ice condition near the ninth-floor landing area of a cement staircase, and that the staircase was exposed to outside elements. Plaintiff also submitted uncontroverted meteorological records and the affirmation of a climatological professional indicating that the outside temperature for 50 hours leading up to the accident remained at or well below the freezing point. Notably, plaintiff was never asked to describe the ice condition at his deposition, or to explain why he believed the cause of his slip-and-fall was an ice condition. The fact that the plaintiff had walked the same section of the staircase on four occasions earlier the same morning but did not observe an ice condition is of no moment. Nor is the fact that there was no precipitation falling that day.
A witness who previously worked with plaintiff on many projects testified that he observed plaintiff's slip-and-fall near the edge of the ninth-floor landing from his vantage point about 15 to 20 feet away from plaintiff. The witness's testimony also corroborated plaintiff's testimony that it was freezing at the work site and that plaintiff declined aid, got up, and eventually returned to work that day. Plaintiff testified that he tried to "walk off" his injury because he thought it best not to complain about conditions at the workplace for fear of getting laid off. The next day after the accident, plaintiff reported his accident to the "safety guy" Rob Miller who refused to complete an accident report because it takes too long. Plaintiff stated that after returning to work for several more days after the accident, he found it too difficult to continue work due to his back injuries from the fall. At that time, plaintiff reported his accident to construction management and sought medical attention. While the incident reports defendants prepared in connection with plaintiff's accident did not record any eyewitness information, at his deposition, plaintiff revealed a worker he knew had allegedly witnessed his slip-and-fall.
In opposition, defendants failed to raise a triable issue as to whether plaintiff was injured in a slip-and-fall on ice on the exposed worksite staircase. The facts relied on by defendants did not rebut plaintiff's testimony that he slipped and fell on an ice condition on the staircase. A plaintiff may be awarded summary judgment on his Labor Law § 241(6) claim even if his testimony is the only evidence submitted to establish a violation of an applicable Industrial Code provision (see Marrero v 2075 Holding Co. LLC, 106 AD3d 408, 410 [1st Dept 2013]; Luciano v New York City Hous. Auth., 157 AD3d 617 [1st Dept 2018]). Defendants have not established that plaintiff's deposition testimony is demonstrably false.
The court's denial of the branch of plaintiff's motion as sought summary judgment on his Labor Law § 200 and common-law negligence claims, on notice grounds, was not inconsistent with the court's holding as to plaintiff's Labor Law § 241(6) claim. Under Labor Law § 241(6), a general contractor is not absolved of liability for lack of notice of a dangerous condition or for lack of an opportunity to cure a dangerous condition (see Gallina v MTA Capital Constr. Co., 193 AD3d 414, 415 [1st Dept 2021]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 20, 2025